United States Court of Appeals,

Fifth Circuit.

No. 94-41046

Summary Calendar.

Timothy Wayne ROYER, individually and on behalf of his minor children on Behalf of Reagan Royer on Behalf of Cade Royer, et al., Plaintiffs-Appellants,

v.

CITGO PETROLEUM CORP, et al., Defendants,

Jacobs Engineering Group Inc., J E Merit Constructors Inc., and Robert Green, Defendants-Appellees.

June 1, 1995.

Appeals from the United States District Court for the Western District of Louisiana.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Plaintiff Timothy Wayne Royer appeals the district court's entry of partial summary judgment in favor of Defendants Jacobs Engineering Group Inc. and JE Merit Constructors, Inc. (collectively "Jacobs"). Royer sought recovery against Jacobs under theories of strict liability and negligence for injuries he sustained in a fall. We affirm.

BACKGROUND

Citgo Petroleum Corp. (Citgo) hired Jacobs to coordinate and supervise the expansion of Citgo's Lake Charles refinery. Citgo hired other contractors to perform specific segments of the project. One such contractor was BE & K Construction (BE & K), who employed Royer. On the day of Royer's fall, BE & K was responsible

1

for connecting two completed sections of work. Royer attached himself to the wheel of a valve and lowered himself to do some work. BE & K had assembled the valve and welded it to Citgo's existing pipe work. The valve wheel came off, and Royer fell. The improper assembly of the valve, rather than any defectiveness of its individual components, caused the valve unit to be defective.

Royer sued Citgo, Jacobs, and Robert Green, a Jacobs employee. The district court granted summary judgment to Jacobs and Green and denied Royer's motion to join Michael McNab, another Jacobs employee.[1] According to the court, Royer's strict liability action failed because Royer could not establish that Jacobs had custody of the valve. His negligence action failed because he could not establish that Jacobs had a legal duty to inspect the valve or supervise BE & K's work. The court then entered final judgment for Jacobs and Green under Federal Rule of Civil Procedure 54(b). Royer appeals.

## DISCUSSION

We review a district court's grant of summary judgment de novo. *Weyant v. Acceptance Ins. Co.,* 917 F.2d 209, 212 (5th Cir.1990). We consider all the facts contained in the summary judgment record and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.*

*I. Strict Liability*

The district court granted summary judgment on the strict

---

[1] Royer appeals only the district court's grant of summary judgment in favor of Jacobs.

2

liability claim because Jacobs did not have custody of the valve. "We are responsible ... for the damage occasioned by ... the things which we have in our custody." La.Civ.Code.Ann. art. 2317 (West 1979). For Royer to recover from Jacobs in strict liability under Article 2317, he must prove: (1) the thing injured him; (2) the thing was in Jacobs's custody; (3) there was an unreasonable risk of harm in the thing; and (4) his damage arose from that danger. *Ross v. La Coste de Monterville,* 502 So.2d 1026, 1028 (La.1987). The second element requires the defendant's custody of the thing. The district court determined, as a matter of law, that Jacobs lacked custody of the valve.

The Louisiana Supreme Court's definition of custody is based on the French legal concept of *garde. Ellison v. Conoco, Inc.,* 950 F.2d 1196, 1208 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 3003, 125 L.Ed.2d 695 (1993). *Garde* obligates the proprietor of a thing, or one who avails himself of it, to prevent it from damaging others. *Id.* Under French law, *garde* of a thing may be divided between two persons; the guardian of the object's conduct is presumed responsible for damage caused by its behavior, and the guardian of the object's structure is responsible for damage caused by its defects. *Ross,* 502 So.2d at 1030. Only the guardian of the object's structure has strict liability under Article 2317. *Id.* at 1032.

The owner of the thing is the presumed guardian of its structure. *Doughty v. Insured Lloyds Ins. Co.,* 576 So.2d 461, 464 (La.1991). The presumption is rebuttable, however, by showing that

3

the owner (1) did not receive a substantial benefit from ownership nor (2) had any control or authority over the thing. *Id.* The district court explained that Citgo, as owner of the valve, had custody of it for purposes of Article 2317. Royer does not argue that Citgo lacked custody; rather, he contends that both Jacobs and Citgo had custody, and that the question of Jacob's custody should be resolved by a jury.[2]

Royer fails to show that Jacobs received a substantial benefit from the valve. We acknowledge that whether a party has custody of an object is generally an issue for the jury. *Doughty,* 576 So.2d at 464. Nevertheless, Jacobs derived minimal benefit from the valve. It was welded into Citgo's pipe work, and Citgo was the prime beneficiary of the valve. *Cf. Spott v. OTIS Elevator Co.,* 601 So.2d 1355, 1363 (La.1992) (finding that elevator owner was the prime beneficiary of the elevator). Because Jacobs does not receive a substantial benefit from the valve, our decisions cited by Royer are distinguishable. *See Haas v. Atlantic Richfield,* 799 F.2d 1011, 1014 (5th Cir.1986); *Dobbs v. Gulf Oil Co.,* 759 F.2d 1213, 1218 (5th Cir.1985).

Royer also cannot raise a fact issue that Jacobs had control of the valve. Royer contends that McNab's full-time physical

---

[2]It is unclear whether custody of an object's structure may be cumulative between two parties. *See King v. Louviere,* 543 So.2d 1327, 1331 (La.1989) (declining to address whether an employee, in addition to the employer, can have custody of his employer's motor vehicle). We need not consider whether two parties can have custody of one thing's structure because we conclude, as a matter of law, that Jacobs lacked custody of the valve.

presence at the refinery gave Jacobs control and supervisory authority over the connecting work. Nonetheless, Royer fails to contradict summary judgment proof that Jacobs had not yet obtained control of the valve. McNab inspected the work of other contractors only after it was complete and tendered to Jacobs. The connection work to which Royer was assigned was not complete. As a result, McNab did not inspect it, and Jacobs lacked control over it. Because Royer cannot show that Jacobs had control over the valve, we conclude that Jacobs lacked custody of it.[3]

*II. Negligence*

On the negligence theory, the district court granted summary judgment to Jacobs because Royer failed to raise a fact issue that Jacobs had any legal duty to inspect the valve or supervise BE & K's work at the time of the accident. We have just concluded that Jacobs had no custody over the valve because the work in which the valve was located had not been completed and tendered to Jacobs. It follows, then, that Jacobs had no legal duty to inspect the valve. Furthermore, Royer has not produced any evidence that Jacobs had a duty to supervise work that had not yet been completed. We agree with the district court that Jacobs owed no legal duty to Royer concerning the valve.

CONCLUSION

---

[3]When a party, such as Jacobs, does not receive a substantial benefit from a thing, the party must have complete control over the thing to have custody. *See Spott,* 601 So.2d at 1363; *Coleman v. OTIS Elevator Co.,* 582 So.2d 341, 343 (La.Ct.App. 4th Cir.1991). We need not consider whether Jacobs's control was complete because Jacobs lacked control over the valve.

5

For the foregoing reasons, we AFFIRM the district court's grant of partial summary judgment in favor of Jacobs.